# IN THE COURT OF APPEALS OF IOWA

No. 18-0271
Filed April 18, 2018

**IN THE INTEREST OF B.C.,**
**Minor Child,**

**L.F., Mother,**
      Appellant.
_____

      Appeal from the Iowa District Court for Polk County, Rachael E. Frideres-Seymour, District Associate Judge.


      A mother appeals from the order terminating her parental rights to her child.

**AFFIRMED.**


      Meegan M. Keller of Keller Law Office, P.C., Altoona, for appellant mother.

      Thomas J. Miller, Attorney General, and Kathryn K. Lang, Assistant Attorney General, for appellee State.

      Erin E. Mayfield of Youth Law Center, Des Moines, guardian ad litem for minor child.


      Considered by Vogel, P.J., and Doyle and Bower, JJ.

**DOYLE, Judge.**

A mother appeals from the order terminating her parental rights to her child.[1] She contends the State failed to prove the grounds for termination by clear and convincing evidence. She also contends termination is not in the child's best interests. We review her claims de novo. *See In re A.M.*, 843 N.W.2d 100, 110 (Iowa 2014).

The child at issue was born in 2014 and removed from the parents' care in November 2016 because the mother and the father were using methamphetamine and marijuana while caring for the child. The court adjudicated the child to be in need of assistance in December 2016.

Although the mother initially seemed to make some progress, by September 2017, the Department of Human Services was recommending termination of the mother's parental rights. One month later, the State filed a termination petition. Following a hearing, the juvenile court entered an order making thorough and detailed fact findings before terminating the mother's parental rights.

In order to terminate parental rights, the juvenile court must first find clear and convincing evidence supporting one of the grounds for termination listed under Iowa Code section 232.116(1) (2017). *See In re D.W.*, 791 N.W.2d 703, 706 (Iowa 2010). The juvenile court found the State met its burden of proving the grounds for termination set forth in section 232.116(1)(g) and (h). We need only find grounds to terminate parental rights under one of the subsections cited by the juvenile court to affirm. *See In re S.R.*, 600 N.W.2d 63, 64 (Iowa Ct. App. 1999).

---

[1] The father's parental rights were also terminated. He is not a party to this appeal.

With regard to section 232.116(1)(h), the mother challenges the sufficiency of the evidence supporting the fourth element of the paragraph—that the child could not be returned to her custody at the time of the termination hearing. *See* Iowa Code § 232.116(1)(h)(4); *D.W.*, 791 N.W.2d at 707 (interpreting the term "at the present time" to mean to mean "at the time of the termination hearing").

Clear and convincing evidence shows the child would be at risk of harm if returned to the mother's care at the time of the termination hearing. The mother had begun a new relationship with someone who has a history of domestic violence, and concerns about the mother's mental health and substance abuse continued to persist. Although the mother argues she made sufficient progress to allow the child to be returned to her care, we note the juvenile court found the "mother's blatant dishonesty with providers and the court create significant credibility issues and the court finds any claim of progress must be viewed in light of her history of untruthfulness." We defer to this finding. *See A.M.*, 843 N.W.2d at 110 (noting that we give weight to the juvenile court's fact findings, especially those concerning witness credibility).

Having found clear and convincing evidence supports terminating the mother's parental rights pursuant to section 232.116(1)(h), we turn to the mother's claim that termination is not in the child's best interests. In making the best-interests determination, the primary considerations are "the child's safety," "the best placement for furthering the long-term nurturing and growth of the child," and "the physical, mental, and emotional condition and needs of the child." *In re P.L.*, 778 N.W.2d 33, 37 (Iowa 2010) (quoting Iowa Code § 232.116(2)). The "defining elements in a child's best interest" are the child's safety and "need for a permanent

home." *In re J.E.*, 723 N.W.2d 793, 802 (Iowa 2006) (Cady, J., concurring specially).

As noted above, the child could not be returned to the mother's care at the time of the termination hearing due to concerns about the mother's substance abuse and mental health, as well as the potential for domestic violence in the home. Although the law requires a "full measure of patience with troubled parents who attempt to remedy a lack of parenting skills," this patience has been built into the statutory scheme of chapter 232. *In re C.B.*, 611 N.W.2d 489, 494 (Iowa 2000). Once the grounds for termination exist, time is of the essence. *See In re A.C.*, 415 N.W.2d 609, 614 (Iowa 1987).

The mother argues termination is not in the child's best interests because she and the child have a bond. However, as the juvenile court noted,

> There is no question the mother loves this child and shares an attachment with the child. However, there was no evidence presented which would support a finding that severing the relationship between the child and [the mother] would be more detrimental than the harmful effects of a denial of true permanency through adoption by a stable and loving family.

The child is currently in a safe placement with a family that is willing to adopt. Clear and convincing evidence establishes that termination is in the child's best interests.

**AFFIRMED.**